# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE LOVESAC COMPANY,<br><br>                      Plaintiff,<br><br>    v.<br><br>BURROW, INC.,<br><br>                      Defendant. | C.A. No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff The Lovesac Company ("Plaintiff" or "Lovesac") as and for its Complaint against Defendant Burrow, Inc. ("Defendant" or "Burrow"), states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

### PARTIES

2. Plaintiff The Lovesac Company is a Delaware corporation with its principal place of business at Two Landmark Square, Suite 300, Stamford Ct, 06901.

3. Upon information and belief, Defendant Burrow, Inc. is a Delaware corporation with its principal place of business at 15 W 27th Street, 7th Floor New York, NY 10001.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims asserted in this action pursuant 28 U.S.C. §§ 1331, 1338(a), and Title 35 of the United States Code.

5. Burrow is subject to this Court's personal jurisdiction because Burrow is a Delaware corporation. Burrow may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C § 1400(b) because Defendant is a Delaware corporation and thus resides in this District.

## FACTUAL BACKGROUND

### Relevant Lovesac History

7. Founded in 1995, Lovesac is a direct-to-consumer specialty furniture brand with over 70 retail showrooms supporting its ecommerce delivery model. Lovesac's "DESIGNED FOR LIFE®" philosophy emphasizes sustainable products that are built to last a lifetime and designed to evolve with the customer's needs, providing long-term utility and ultimately reducing the amount of furniture discarded into landfills.

8. Lovesac's name comes from its original foam-filled beanbags called "SACS®," first made by company founder and CEO Shawn Nelson in the basement of his parents' Utah home. Since then, Lovesac has expanded its product portfolio to include modular home furniture, and has been named America's fastest growing furniture company and furniture retailer by *Furniture Today* in 2013 and 2017, respectively. On June 27, 2018, Lovesac debuted as a publicly traded company on Nasdaq, following a highly successful initial public offering.

9. Lovesac derives a majority of its current sales from its proprietary seating platform called "SACTIONALS®." First launched in or around 2005, Lovesac's SACTIONALS® are a washable, changeable, reconfigurable, and FedEx-shippable solution for large upholstered seating. Billed as "THE WORLD'S MOST ADAPTABLE COUCH®," the innovative SACTIONALS® product platform comprises two pieces – the seat (or "base

member") and the side (or "transverse member") – which conveniently can be arranged and rearranged from one configuration to another in minutes.

## Lovesac's Patents-in-Suit

10. Lovesac's efforts in designing and developing its modular furniture assemblies and related technologies have resulted in the issuance of multiple United States patents, including U.S. Patent No. 8,783,778 (the "'778 patent," attached as Exhibit 1), U.S. Patent No. 10,123,623 (the "'623 patent," attached as Exhibit 2), and U.S. Patent No. 10,154,733 (the "'733 patent," attached as Exhibit 3) (the '778, '623 and '733 patents may be referred to collectively as the "Patents-in-Suit").

11. The '778 patent, entitled "Mounting Platform For Modular Furniture Assembly," issued on July 22, 2014. The '778 patent names inventors Shawn Nelson, David Underwood, and Spencer Pearson, and has been assigned to Lovesac.

12. The '778 patent claims are generally directed to an innovative modular furniture assembly that includes a horizontally-oriented base member and a vertically-oriented transverse member, and a mounting platform that is mounted on both the base member and transverse member to couple them together. The '788 patent claims also recite a foot that is selectively mounted on the aforementioned mounting platform, and that is configured to contact a support surface when the modular furniture assembly is in the upright position. Figures 15a-15c (reproduced below) illustrate exemplary embodiments of the modular furniture assembly described in the '788 patent, including, for example, base member (404), transverse member (408), mounting platform (400), and feet in the form of pegs (430, 430a, 403b) that are selectively mounted to the mounting platform.



13. The '623 patent, entitled "Modular Furniture Assembly with Dual Couplers," issued on November 13, 2018. The '623 patent names inventors Shawn Nelson and David Underwood, and is assigned to Lovesac.

14. The '623 patent claims are generally directed to an innovative modular furniture assembly having a first and second coupler, for coupling together a horizontally-oriented base member (providing a seating surface) with a taller, vertically-oriented transverse member. Figures 6E and 6F (reproduced below) illustrate exemplary embodiments of the modular furniture assembly described in the '623 patent, including, for example, base members (12) and transverse members (14).



15. The '733 patent, entitled "Modular Furniture Assembly with Mounting Platform," issued on December 18, 2018. The '733 patent names inventors Shawn Nelson, David Underwood, and Spencer Pearson, and is assigned to Lovesac.

16. The '733 patent claims are generally directed to an innovative modular furniture assembly and assembly method that includes a horizontally-oriented base member and a vertically-oriented transverse member, and a mounting platform that is mounted on both the base member and transverse member to couple them together. The '733 patent claims also recite a foot that is mounted on the aforementioned mounting platform, and that is configured to contact a support surface when the modular furniture assembly is in the upright position. Figures 15a-15c (reproduced below) illustrate exemplary embodiments of the modular furniture assembly described in the '733 patent, including, for example, base member (404), transverse member (408), mounting platform (400), and feet in the form of pegs (430, 430a, 403b).



**Relevant Burrow History**

17. Roughly a decade after the introduction of Lovesac's SACTIONALS®, Burrow began to market and sell modular furniture assemblies directly to consumers through online purchases, in direct competition with Lovesac's SACTIONALS® product line. Like the Lovesac SACTIONALS®, customers visiting the Burrow website (https://burrow.com/) can select customized and modified sectional furniture assemblies, such as sofas, for purchase:



18. Through the manufacture, sale, and offer for sale of its modular furniture/seating products, Burrow has infringed on Lovesac's valuable and proprietary intellectual property, including at least the Patents-in-Suit. Burrow is using Lovesac's patented technology without a license or Lovesac's permission.

19. Burrow's modular furniture products and their components, including without limitation the "Sofa," "Loveseat," "Armchair," "King Sofa," and "Chaise Sectional" "seating" products sold and offered for sale on Burrow's website, are collectively referred to herein as the "Infringing Products."

20. Additional detail concerning Burrow's infringement of the Patents-in-Suit is included below at Counts I to III and in the claim charts attached hereto as Exhibits 4 through 6.

21. Lovesac brings this action to put an end to, and compensate Lovesac for, Burrow's wrongful and infringing use of Lovesac's patented technology.

## COUNT I
**(Infringement of United States Patent No. U.S. Patent No. 8,783,778)**

22. Lovesac realleges and incorporates each of the foregoing paragraphs of the Complaint.

23. The '778 patent was issued on July 22, 2014 to Shawn Nelson, David Underwood, and Spencer Pearson and has been assigned to Lovesac. A copy of the '778 patent, titled "Mounting Platform for Modular Furniture," is attached as Exhibit 1.

24. The '778 patent is valid and enforceable.

25. Lovesac is the owner of the entire right, title, and interest in and to the '778 patent.

26. Burrow had actual notice of the '778 patent prior to the filing date of this Complaint.

27. Burrow knew of the specific technology described and claimed in the '778 patent prior to the filing date of this Complaint and knew of the '778 patent itself prior to the filing date of this Complaint. For example, in prosecuting its U.S. patent application number 15/419,957, titled "Modular Sofa Construction And Methods For Assembly," Burrow submitted an Information Disclosure Statement to the United States Patent and Trademark Office ("USPTO") on June 5, 2017 identifying the '778 patent as prior art.

28. The '778 patent relates to modular furniture assemblies having, among other things, a mounting platform and a foot selectively mounted on the mounting platform. For example, claim 1 recites a base member having a frame assembly; and a transverse member having a height that is substantially greater than the height of the base member, the transverse member having a frame assembly, a foot configured to contact a support surface; and a mounting platform, the mounting platform configured to be mounted on both the base member frame assembly and the transverse member frame assembly to thereby couple the base member frame assembly to the transverse member frame assembly, wherein the foot is selectively mounted on

the mounting platform, such that the foot is configured to contact the support surface when the modular furniture assembly is in an upright configuration.

29. Burrow has directly infringed and continues to directly infringe the '778 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling within the United States, and/or by importing into the United States, without permission or license from Lovesac, modular furniture products that embody the inventions disclosed and claimed in the '778 patent. By way of example and not limitation, the Infringing Products infringe claim 1 of the '778 patent. <u>Exhibit 4</u> is a claim chart detailing Burrows infringement of claim 1 of the '778 patent.

30. Lovesac has been irreparably harmed by Burrow's acts of infringement, and will continue to be harmed unless and until Burrow's acts of infringement are enjoined and restrained by order of this Court. Lovesac has no adequate remedy at law and is entitled to a permanent injunction against Burrow and the manufacture and sale of its Infringing Products.

31. Upon information and belief, Burrow has willfully infringed the '778 patent by directly infringing the '778 patent with knowledge that its actions constituted infringement of the '778 patent.

32. As a result of Burrow's acts of infringement, Lovesac has suffered and will continue to suffer damages in an amount to be proven at trial.

## COUNT II
### (Infringement of United States Patent No. 10,123,623)

33. Lovesac realleges and incorporates each of the foregoing paragraphs of the Complaint.

34. The '623 patent was issued on November 13, 2018 to Shawn Nelson and David Underwood, and is assigned to Lovesac. A copy of the '623 patent, titled "Modular Furniture Assembly with Dual Couplers," is attached as Exhibit 2.

35. The '623 patent is valid and enforceable.

36. Lovesac is the owner of the entire right, title, and interest in and to the '623 patent.

37. Burrow had actual notice of the '623 patent, at least as of the filing date of this Complaint.

38. Upon information and belief, Burrow knew of the specific technology described and claimed in the '623 patent prior to the filing date of this Complaint and may have known of the '623 patent itself prior to the filing date of this Complaint. For example, in prosecuting its U.S. patent application number 15/419,957, titled "Modular Sofa Construction And Methods For Assembly," Burrow submitted an Information Disclosure Statement to the USPTO on June 5, 2017 identifying numerous prior art patents owned by Lovesac in the same patent family as the '623 patent, including the '778 patent.

39. The '623 patent relates to modular furniture assemblies having, among other things, dual couplers. For example, claim 1 recites a base member providing a seating surface, a transverse member having a height that is substantially greater than the height of the seating surface of the base member, a first coupler configured to selectively couple the base member to the transverse member, and a second coupler, spaced apart from the first coupler, the second coupler being configured to selectively couple the base member to the transverse member, wherein

the second coupler is positioned lower than the first coupler, so as to selectively couple together a lower portion of the base member to a lower portion of the transverse member, wherein the first coupler selectively couples together a higher portion of the base member to a higher portion of the transverse member.

40. Burrow has directly infringed and continues to directly infringe the '623 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling within the United States, and/or by importing into the United States, without permission or license from Lovesac, modular furniture products that embody the inventions disclosed and claimed in the '623 patent. By way of example and not limitation, the Infringing Products infringe claims 1, 2, 4-8, 10, and 16-19 of the '623 patent. Exhibit 5 is a claim chart detailing Burrows infringement of claim 1 of the '623 patent.

41. Lovesac has been irreparably harmed by Burrow's acts of infringement, and will continue to be harmed unless and until Burrow's acts of infringement are enjoined and restrained by order of this Court. Lovesac has no adequate remedy at law and is entitled to a permanent injunction against Burrow and the manufacture and sale of its Infringing Products.

42. Upon information and belief, Burrow has willfully infringed the '623 patent by directly infringing the '623 patent with knowledge that its actions constituted infringement of the '623 patent.

43. As a result of Burrow's acts of infringement, Lovesac has suffered and will continue to suffer damages in an amount to be proven at trial.

**COUNT III**
**(Infringement of United States Patent No. 10,154,733)**

44. Lovesac realleges and incorporates each of the foregoing paragraphs of the Complaint.

45. The '733 patent was issued on December 18, 2018 to Shawn Nelson, David Underwood, and Spencer Pearson, and is assigned to Lovesac. A copy of the '733 patent, titled "Modular Furniture Assembly with Mounting Platform," is attached as Exhibit 3.

46. The '733 patent is valid and enforceable.

47. Lovesac is the owner of the entire right, title, and interest in and to the '733 patent.

48. Burrow had actual notice of the '733 patent, at least as of the filing date of this Complaint.

49. Upon information and belief, Burrow knew of the specific technology described and claimed in the '733 patent prior to the filing date of this Complaint and may have known of the '733 patent itself prior to the filing date of this Complaint. For example, in prosecuting its U.S. patent application number 15/419,957, titled "Modular Sofa Construction And Methods For Assembly," Burrow submitted an Information Disclosure Statement to the USPTO on June 5, 2017 identifying numerous prior art patents owned by Lovesac in the same patent family as the '733 patent, including the '778 patent.

50. The '733 patent relates to a modular furniture assembly apparatus and method that includes, among other things, a mounting platform and foot. For example, apparatus claim 1 recites a base member having a frame assembly, and a transverse member having a frame assembly, a mounting platform…configured to be mounted on both the base member and the transverse member to thereby couple the base member to the transverse member, and a foot configured to contact a support surface, wherein the foot is mounted on the mounting platform,

such that the foot is configured to contact the support surface when the modular furniture assembly is in an upright configuration.

51. By way of further example, method claim 18 recites a method for forming a modular furniture assembly comprising the following steps: providing a base member having a frame assembly, providing a transverse member having a frame assembly, providing a mounting platform…configured to be mounted on both the base member and the transverse member to thereby couple the base member to the transverse member, the mounting platform having a foot mounted thereon, wherein the foot is configured to contact the support surface when the modular furniture assembly is in an upright configuration, placing the base member in an abutting relationship with the transverse member, and mounting the mounting platform on bottom surfaces of the base member to thereby couple the base member to the transverse member.

52. Burrow has directly infringed and continues to directly infringe the '733 patent, both literally and under the doctrine of equivalents, by making, using, offering for sale, selling within the United States, and/or by importing into the United States, without permission or license from Lovesac, modular furniture products that embody the inventions disclosed and claimed in the '733 patent. By way of example and not limitation, the Infringing Products infringe claims 1- 4, 7-12, and 14-19 of the '733 patent. Exhibit 6 is a claim chart detailing Burrow's infringement of claim 1 of the '733 patent.

53. To the extent Burrow does not perform each and every step of a particular asserted method claim of the '733 patent, Burrow directs or controls the performance by others of each step of the asserted method claims of the '733 patent that it does not perform itself, such that the performance of each step of the asserted method claims can be attributed to Burrow. In

the alternative, Burrow and the purchasers of the Infringing Products form a "joint enterprise," together performing all the steps of the '733 patent.

54. Upon information and belief, Burrow has known of the '733 patent, has encouraged and induced infringement of the '733 patent, knowing that the induced acts constitute patent infringement, and such induced acts have resulted in direct infringement of the '733 patent. By way of example and not limitation, Burrow provides Assembly Instructions for the Infringing Products (*available at* https://burrow.com/Assembly_Instructions_All.pdf, and attached as Exhibit 7) that direct, instruct and encourage purchasers or end users of the Infringing Products to perform any and all steps of the '733 patent's asserted method claims that Burrow itself does not perform. Burrow's Assembly Instructions (Exhibit 7), for example, teach modular furniture assembly methods comprising the same features and benefits claimed in the '733 patent. For instance, Burrow's Assembly Instructions teach the user a method for assembling the Infringing Products that includes, among other things, coupling an "arm rest" (i.e., transverse member) to a "seat" (i.e., base member), and mounting a mounting platform on the bottom surface of both the "arm rest" (i.e., transverse member) and the "seat" (i.e., base member), wherein the mounting platform has a "leg" (i.e., foot). (*See, e.g.,* Exhibit 7 at Steps 5, 7; *see also* Exhibit 6 (detailing infringement of claim 1).) If followed, Burrow's Assembly Instructions will result in direct infringement of the '733 patent's asserted method claims by consumers and users of the Infringing Products.

55. Lovesac has been irreparably harmed by Burrow's acts of infringement, and will continue to be harmed unless and until Burrow's acts of infringement are enjoined and restrained by order of this Court. Lovesac has no adequate remedy at law and is entitled to an injunction against Burrow and its infringing products.

56. Upon information and belief, Burrow has willfully infringed the '733 patent by directly infringing the '733 patent with knowledge that its actions constituted infringement of the '733 patent.

57. As a result of Burrow's acts of infringement, Lovesac has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment:

1. In favor of Plaintiff and against Defendant on all of Plaintiff's claims;

2. Declaring that Defendant has infringed and is infringing the claims of the Patents-in-Suit;

3. Compensating Plaintiff for all damages caused by Defendant's infringement of the Patents-in-Suit, in an amount to be determined at trial;

4. Declaring that Defendant's infringement of the Patents-in-Suit has been willful;

5. Enhancing Plaintiff's damages up to three times their amount under 35 U.S.C. § 284;

6. Granting Plaintiff pre- and post-judgment interest, together with all costs and expenses;

7. Declaring that this is an "exceptional case" and granting Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285;

8. Granting a permanent injunction enjoining and restraining Defendant and its officers, directors, agents, servants, employees, attorneys, and all others in active concert or participation with Defendant, from making, using, offering to sell, selling, and importing into the United States any product that falls within the scope of any claim of the Patents-in-Suit; and

9. Awarding Plaintiff such other relief in its favor as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial of its claims for relief herein before a jury.

<table>
<tr><td>

Dated:  March 29, 2019

</td><td>

**DLA PIPER LLP (US)**

 */s/ Denise S. Kraft*
Denise S. Kraft (DE Bar No. 2778)
Brian A. Biggs (DE Bar No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE  19801
Telephone:  (302) 468-5700
Facsimile:   (302) 394-2341
denise.kraft@dlapiper.com
brian.biggs@dlapiper.com

*Attorneys for Plaintiff*
*The Lovesac Company*

</td></tr>
<tr><td>

**OF COUNSEL**:

**DLA PIPER LLP (US)**
William L. Bartow (*Pro Hac Vice* motion forthcoming)
Darius C. Gambino (*Pro Hac Vice* motion forthcoming)
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103-7300
Telephone (215) 656-3300
Facsimile (215) 656-3301
william.bartow@dlapiper.com
darius.gambino@dlapiper.com

Matthew N. Ganas (*Pro Hac Vice* motion forthcoming)
1251 Avenue of the Americas, 2th Floor
New York, New York 10020-1104
Telephone (212) 335-4500
Facsimile (212) 335-4501
matt.ganas@dlapiper.com

</td><td></td></tr>
</table>